UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE ELLIS,<br><br>        Petitioner,<br><br>        v.<br><br>RAYMOND MADDEN, Warden,<br><br>        Respondent. | Case No. 2:17-cv-02379-AG (SHK)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DISMISSING ACTION WITH PREJUDICE** |

Pursuant to Title 28 of the United States Code, section 636, the Court has reviewed the Petition for a Writ of Habeas Corpus, the records on file, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. The Court has engaged in de novo review of those portions of the R&R to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

In his objections, as to Ground One, Petitioner maintains that Cal. Evid. Code § 354 was violated by the trial court's ruling and asserts, without authority, that this claim is cognizable on federal habeas review. ECF No. 25, Objections at 2. Petitioner is incorrect that this claim is cognizable on federal habeas review. Because it concerns only the application of a state evidentiary rule, and this Court

has no authority to reexamine state-court determinations on state-law questions, Federal law precludes this Court's review of this issue. The Magistrate Judge is correct that the Court's only concern is whether the state court's determination that no Confrontation Clause violation occurred runs afoul of the AEDPA. ECF No. 20, R&R at 15.

     Next, also as to Ground One, Petitioner contends that the requested cross-examination did bear on the gang expert's reliability or credibility and that the restriction on that cross-examination was unreasonable, arbitrary, and disproportionate. ECF No. 25, Objections at 2. The Court concurs with the Magistrate Judge that the trial court's finding that the statistics were not related to the primary activities of the gang at all (because they reflected only the total number of arrests for crime) was not unreasonable. ECF No. 20, R&R at 16. Indeed, the expert was not called at trial to opine on the total number of arrests for crimes in general. Moreover, the Magistrate Judge found that, in any event, *even if* the cross-examination regarding the statistics did bear on the expert's reliability or credibility, the preclusion of the cross-examination was not "unreasonable, arbitrary, or disproportionate," in light of the waste of time that would occur from questioning the expert on statistics unrelated to the opinion he was offering.

     Finally, as to Ground One, Petitioner re-asserts that <u>Crawford</u> was violated and, without citation to his state court filings, maintains that this aspect of the claim was exhausted in state court. ECF No. 25, Objections at 2. While Petitioner noted in his Petition for Review that defense counsel had impeached the expert at the first trial by showing that his opinion rested on hearsay, Lodg. 10 at 15, he did not cite to <u>Crawford</u> or argue that the admission of the hearsay-based opinion testimony violated his Confrontation rights. The Court concurs with the Magistrate Judge that this claim is unexhausted, and that, in any event, it fails for the reasons set forth in the R&R. ECF No. 20, R&R at 17.

As to Ground Two, Petitioner claims that Juror No. 12 was actually biased under McDonough Power because she was untruthful during voir dire when she stated she could be fair and impartial. ECF No. 25, Objections at 3. Petitioner claims that this is so because her fears actually began when defense counsel asked her on voir dire if anyone would be intimidated if gang members were in the audience. Id. Petitioner conflates the standards for juror bias. As set forth in the R&R, the Ninth Circuit has held that there are three types of impartiality: bias based on a juror's failure to honestly answer a material question on voir dire; actual bias (i.e., "the existence of a state of mind that leads to an inference that the person will not act with entire impartiality"); and implied bias (potentially arising where the juror's experiences are similar to the charges or some aspect of the litigation). ECF No. 20, R&R at 21 (citing Fields v. Brown, 503 F.3d 755, 767-69 (9th Cir. 2007)). There is no evidence that the juror lied during voir dire about being able to be fair and impartial; her admission that one of defense counsel's comments "got under [her] skin" did not suggest she was thereafter biased against Petitioner. And for the reasons set forth in the R&R, the trial court's finding that the juror could be impartial notwithstanding her fear of the woman in the audience was not unreasonable. Id. at 21-22.

Also as to Ground Two, Petitioner contends that the R&R omits the "material" fact that Juror No. 12 admitted that she mentioned her fear for her safety in the presence of the entire jury. ECF No. 25, Objections at 3. While the R&R does not expressly state that Juror No. 12 mentioned her fear for her safety to the deputy in the presence of other jurors, it does note that defense counsel asked for further inquiry on the issue of the Juror's comment and whether she had spoken to the rest of the jurors about it. ECF No. 20, R&R at 19. The R&R notes that the trial court declined to make any further inquiry because it was satisfied, based on

its own conversation with Juror No. 12, that she had not engaged in any conversation with any of the other jurors.

There is a significant difference between Juror No. 12 advising the deputy – in the presence of the other jurors (who may or may not have been nearby in the room and may or may not have overhead) -- that she felt unsafe, and actually discussing that issue with the jurors. There is no evidence that Juror No. 12 discussed her concern with the other jurors. Rather, at worst, the record suggests that she mentioned her fear for her safety to the deputy while other jurors were also present in the room at the end of the jury deliberations for that day, but also that, before the jury resumed deliberations the next day, the trial court advised Juror No. 12 to not mention the issue to any of the other jurors when she returned to the juror room. 15 RT at 8702-03. The Court concurs with the Magistrate Judge that the trial court's finding that Juror No. 12 could be fair and impartial was not unreasonable. Further, there is no evidence that the trial court's decision to not further inquire of the remaining jurors, as defense counsel requested, was unreasonable.

As to Ground Three, Petitioner re-asserts that <u>Griffin</u> error occurred and that the prosecutor impermissibly shifted the burden of proof to the defense. ECF No. 25, Objections at 4. Petitioner further maintains that the Magistrate Judge's finding that <u>Griffin</u> error was not raised in state court "falls flat" because "on collateral appeal is when one has to convert State case law into Federal." <u>Id.</u> As to this latter point, Petitioner had a duty to bring to the attention of the state's highest court both the operative facts and legal theory underpinning his claim in Ground Three, and his failure to do so renders the <u>Griffin</u> error aspect of the claim unexhausted. The claim rests on facts that are evident from the trial record, and therefore, could easily have been raised on direct appeal in conjunction with the more generic prosecutorial misconduct claim that was alleged; Petitioner was not

required to allege this claim on collateral review. His failure to raise the Griffin claim on either avenue for review is the issue. In any event, for all of the reasons already set forth in the R&R, the Court concurs with the Magistrate Judge that no prosecutorial misconduct, and no Griffin error, occurred. ECF No. 20, R&R at 26-28.

As to Ground Four, Petitioner asserts that the claim is not procedurally defaulted because the California Court of Appeal's rejection of the claim did not rest on a procedural default and the California Supreme Court did not deny review without explanation. ECF No. 25, Objections at 5. He also asserts that he was convicted based on suggestive identification by the two eyewitnesses because they "initially couldn't positively identify petitioner" and only came to identify him after extensive interviews and meetings with detectives. Id. He asserts that the testimony of the witnesses reflects the inconsistencies and suggestiveness of their subsequent identifications of Petitioner. Id.

Petitioner's assertions in his Objections raise two issues. The first issue relates to the Federal authority governing procedural default, which Petitioner appears to misconstrue. Petitioner raised this claim on collateral review and it was denied in the Superior Court on the grounds that it should have been raised on appeal; in the appellate court without comment or citation of authority; and in the California Supreme Court with citations to In re Dixon, In re Swain, and In re Lindley. Lodgs. 13, 15, 17. While Petitioner is correct that the California Court of Appeal did not deny relief on a procedural ground, and that California Supreme Court did not deny review "without explanation," that is not the only scenario in which a claim might be considered procedurally defaulted. See ECF No. 20, R&R at 29 (citing Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992)). The other is what happened here – i.e., "the opinion of the last state court rendering judgment

in the case [] 'clearly and expressly' indicate[s] that its judgment rests on a state procedural bar." Id. at 28 (citing Harris v. Reed, 489 U.S. 255, 263 (1989)).

Here, based on the citations of the California Supreme Court in its denial, it is clear that it denied the claim on procedural grounds, and it seems that it at least contemplated, if not implicitly found, that this claim was directed to the sufficiency of the evidence – presumably the sufficiency of the eyewitness identification evidence. The Magistrate Judge also interpreted this claim as directed to the sufficiency of the eyewitness identifications and not to the procedures used to secure those identifications. ECF No. 20, R&R at 28.

Petitioner now seems to claim that Ground Four is actually directed to the suggestive eyewitness identifications that were the result of "coercion" and "persuasion" by the detectives and prosecution. In other words, he seems to be claiming that Ground Four is not a challenge to the sufficiency of the identifications but rather to the suggestive and improper procedures used to procure the identifications. Either way, the claim is procedurally defaulted. As the Magistrate Judge set forth, in arguing procedural default, Respondent asserted that "Dixon prohibits habeas corpus from being used as a vehicle for a claim that could have been raised on direct appeal first, and that Lindley 'specifically applies the Dixon rule to challenges to the sufficiency of the evidence.'" ECF No. 20, R&R at 29. A Swain citation generally indicates that the petition is denied without prejudice for failure to state with particularity the facts supporting relief. In re Swain, 34 Cal.2d 300, 304 (Cal. 1949). It would seem, based on these citations, that even the California Supreme Court perhaps had trouble understanding the nature of Petitioner's claim, but that it found, without hesitation, that the claim should have been raised on direct appeal. See Johnson v. Lee, 136 S. Ct. 1802, 1805 (2016) (Dixon bar is firmly established and regularly followed). The Court concurs with the Magistrate Judge that Ground Four is procedurally defaulted.

6

To the extent that Petitioner requests an evidentiary hearing on his claims, the Court finds that an evidentiary hearing is not warranted for the reasons set forth in the R&R. ECF No. 20, R&R at 30.

IT IS THEREFORE ORDERED that Judgment be entered (1) **DENYING** the Petition for a Writ of Habeas Corpus; and (2) **DISMISSING** this action with prejudice.

Dated: September 28, 2018

HONORABLE ANDREW J. GUILFORD
United States District Judge

7